Citation Nr: 1550152 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 12-17 694A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office 
in Winston-Salem, North Carolina


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death claimed as secondary to herbicide exposure. 


ATTORNEY FOR THE BOARD

J. T. Hutcheson, Counsel



INTRODUCTION

The Veteran had active service from June 1967 to June 1969. He died in November 1990. The Appellant is the Veteran's surviving spouse. 

This matter came before the Board of Veterans' Appeals (Board) on appeal from an April 2011 rating decision of the Philadelphia, Pennsylvania, Regional Office which denied service connection for the cause of the Veteran's death. In February 2015, the Board remanded the Appellant's appeal to the Winston-Salem, North Carolina, Regional Office (RO) for additional action. 

The Board has reviewed both the Veterans Benefit Management System (VBMS) and the "Virtual VA" files. This appeal was processed using the VBMS paperless claims processing system. Accordingly, any future consideration of the Veteran's appeal should take into consideration the existence of this electronic record. 

The Appellant's appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Appellant if further action is required. 


REMAND

In its February 2015 Remand instructions, the Board directed that:

With any necessary assistance from the Appellant, obtain all outstanding private records pertaining to the Veteran's treatment for a heart condition, dated from June 1969 to November 1990, to specifically include any pertinent records from (1) Durham County General Hospital and (2) the University of North Carolina Hospital at Chapel Hill. All reasonable attempts to obtain such records should be made and documented. 

In September 2015, the Appellant submitted a fully executed release to obtain the Veteran's records from the University of North Carolina Hospital at Chapel Hill. The record does not reflect that any action has been undertaken to request the Veteran's records from the University of North Carolina Hospital at Chapel Hill. 

The United States Court of Appeals for Veterans Claims (Court) has held that the AOJ's compliance with the Board's remand instructions is neither optional nor discretionary. Stegall v. West, 11 Vet. App. 268 (1998). 

Accordingly, the case is REMANDED for the following action:

1. The AOJ should contact the University of North Carolina Hospital at Chapel Hill and request that it forward copies of all available clinical documentation pertaining to treatment of the Veteran for incorporation into the record. 

If identified records are not ultimately obtained, the Appellant should be notified pursuant to 38 C.F.R. § 3.159(e) (2015). 

2. The readjudicate the issue of service connection for the cause of the Veteran's death claimed as the result of herbicide exposure. If the benefit sought on appeal remains denied, the Appellant should be provided a supplemental statement of the case (SSOC) which addresses all relevant actions taken on the Appellant's claim for benefits, to include a summary of the evidence considered, since the issuance of the last SSOC. An appropriate period of time should be allowed for response before the case is returned to the Board. 

The Appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014). 



______________________________________________
H. SEESEL
Veterans Law Judge, Board of Veterans' Appeal

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).